# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Charles Goff, | No. CV-21-00702-PHX-DLR (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Trinity Services Group, et al., | |
| Defendants. | |

Pending before the Court is the October 1, 2021, Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf. (Doc. 34.) The R&R recommends that (1) the Plaintiff's Motion for Class Certification be denied and Plaintiffs Holguin, Benavidez, Delgado, Darrington, Acosta, Hernandez, Ward, DeYoung, Dawkins, Devine and Randall be dismissed without prejudice, (2) Plaintiff's claims based on events that allegedly occurred before December 21, 2020 be dismissed as duplicative of Plaintiff's claims in CV-20-1288, (3) Plaintiff's claims against Defendant Shinn in his individual capacity be dismissed, (4) Defendants Trinity and Keefe be required to answer Count One to the extent that the allegations are based on events that occurred after December 21, 2020, and (5) Defendant Shinn be required to answer Plaintiff's claims for injunctive relief in his official capacity only, and Defendants Trinity, Keefe and Shinn be given 14 days from an order on the R&R to file an answer to the Second Amended Complaint. Plaintiff Shawn Charles Goff timely objected. (Doc. 35.) The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

The R&R correctly determined that the Motion for Class Certification should be denied. Class certification was denied under the First Amended Complaint because Plaintiffs could not proceed *pro se* as representatives of the class. Although a plaintiff may appear on his own behalf, he may not appear as an attorney for other persons in a class action. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (nonlawyer had no authority to appear as an attorney for other persons in a purported class action); *see also Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983) (noting that even attorneys could not act as both the class representative and counsel for that class).

Goff argues that the deficiency of the previous class action lawsuit has been cured because his "co-plaintiffs" have signed the Second Amended Complaint and meet all the requirements for class certification under Rule 23(a)(1)(2)&(3) as well as under Rule 23(b)(1)(A)(B)(2) and (3). (Doc. 35 at 5.) But this misses the R&R's point, which reasoned that the Plaintiffs, except for Goff, appear solely as representative members of a class action. They are not attempting to prosecute their individual claims. Thus, "if class certification is not granted, the Court should not again sever the Plaintiffs claims into separate actions, but should honor Plaintiffs' decisions to not proceed individually, and instead dismiss all but Plaintiff Goff from this suit, without prejudice." (Doc. 34 at 5.)

Even if no class is certified, Goff argues, "plaintiffs meet requirements for extreme difficulties/complexities necessitating appointment of counsel," because of the "Defendants' prior history of disobeying/failing to follow court orders." (Doc. 35 at 5.) But the likelihood of success is not sufficiently apparent to qualify as an exceptional circumstance, and there is nothing to indicate that Goff or the other plaintiffs will be less capable than other pro se prisoners or that their claims are more complex than those advanced by other prisoners. The claim that Plaintiffs are uneducated does not establish the basis for appointment of counsel. The R&R pointed out that the screening Order observed: "Circumstances common to most prisoners, such as a lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel." (Order 5/7/21, Doc. 8 at 9, citing *Palmer v. Valdez*,

560 F.3d 965, 970 (9th Cir. 2009); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Further, the argument about an alleged history of abuses by Defendant was not raised before and cannot be raised for the first time in the objection to the R&R. Nonetheless it does not establish the basis for appointment of counsel. Goff is aware of the alleged discovery abuses and knows how to raise them with the Court.

Plaintiffs cannot proceed as *pro se* representatives and are still not entitled to counsel. There still has been no sufficient showing of a likelihood of success to warrant the request of counsel under 28 U.S.C. § 1915(e)(1), and there was no exceptional difficulty in Goff representing himself. Plaintiff did not object to the remainder of the findings in the R&R. Because the R&R's reasoning is correct, Plaintiff's objections to the R&R are overruled and the R&R is accepted.

**IT IS ORDERED** that Goff's Response Objecting to Magistrate Court's Report and Recommendation (Doc. 35) is **OVERRULED**.

**IT IS ORDERED** that the R&R (Doc. 34) is **ACCEPTED**.

**IT IS ORDERED** that Plaintiff's Motion for Class Certification (Doc. 23) is **DENIED**.

**IT IS ORDERED** that Plaintiffs Holguin, Benavidez, Delgado, Darrington, Acosta, Hernandez, Ward, DeYoung, Dawkins, Devine and Randall are **DISMISSED WITHOUT PREJUDICE**.

**IT IS ORDERED** that Plaintiff's claims based on events that allegedly occurred before December 21, 2020, are **DISMISSED** as duplicative of Plaintiff's claims in CV-20-1288.

**IT IS ORDERED** that Plaintiff's claims against Defendant Shinn in his individual capacity are **DISMISSED.**

**IT IS ORDERED** that Defendants Trinity and Keefe shall answer Count One to the extent that the allegations are based on events that occurred after December 21, 2020.

**IT IS ORDERED** Defendant Shinn shall answer, in his official capacity only,

1  Plaintiff's claims for injunctive relief.

2  **IT IS ORDERED** that Defendants Trinity, Keefe and Shinn shall file an answer to
3  the Second Amended Complaint within 14 days from this order.

4  **IT IS ORDERED** that this matter is referred to Magistrate Judge Metcalf pursuant
5  to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as
6  authorized under 28 U.S.C. § 636(b)(1).

7  Dated this 15th day of December, 2021.

Douglas L. Rayes
United States District Judge